**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**CARLOS A. GIRALDO, #59508-079**                                                       **PETITIONER**

**VS.**                                                               **CIVIL ACTION NO. 5:10cv96-DCB-JMR**

**VANCE LAUGHLIN**                                                                      **RESPONDENT**

---

**REPORT AND RECOMMENDATION:**

BEFORE THE COURT is the Petition [1] for Writ of Habeas Corpus filed May 25, 2010, and the Respondent's Answer [12] filed July, 27, 2010. After considering the Petition, Response, and all pleadings of the record, in conjunction with the applicable law, the Court finds that the Petition should be denied.

**FACTS & BACKGROUND**

On April 17, 1992, Petitioner Giraldo was sentenced to serve a term of 292 months imprisonment followed by five years of supervision after being convicted of conspiracy to possess with intent to distribute cocaine in the United States District Court for the Southern District of Texas. Currently, he is incarcerated at the Adams County Correctional Complex.

Giraldo entered into the Residential Drug Abuse Treatment Program ("RDAP") on December 22, 1994. This program, offered by the Bureau of Prisons ("BOP"), allows those inmates who successfully complete the program the possibility of up to a one-year sentence reduction . *See* 18 U.S.C. § 3621(e).  The program consists of several phases including a unit-based component, which occurs in the correctional facility, and a transitional component that typically occurs in a halfway house post-release. On August 3, 1995, Giraldo began the unit-based segment of the RDAP at which time he became eligible for a possible one-year sentence reduction.

While in the RDAP program, an inmate must abide by certain conditions. Among others, these conditions include abstention from drug use and violence as well as not being found guilty for any 100 series incidents. On August 10, 2005, Giraldo was sanctioned for a violation of rule #112 that forbids the use of drugs. As a result of this sanction, Giraldo was notified that he had failed the RDAP program and thus ineligible for § 3621(e) early release. After fully exhausting his administrative remedies, Firaldo filed this 28 U.S.C. § 2241 petition for habeas corpus relief requesting the re-issuance of his early time credit.

Giraldo presents three Grounds of relief to the Court. First, he argues that the BOP exceeded its authority by revoking the sentence reduction because he had successfully completed the program and an inmate may only lose that eligibility due to a series 100-rule if he has not completed the program. Second, he argues that Respondent violated his due process rights by not providing proper notice that he could lose his early release eligibility by a violating a series 100-rule subsequent to his completion of the RDAP. Lastly, Giraldo contends that the Respondent has violated his due process rights by retroactively applying a new interpretation of the RDAP Settlement Agreement- that an inmate's early eligibility can be revoked after successful RDAP completion-which contravenes Giraldo's "settled expectations" that he had earned his early release credit after successfully completing the RDAP program.

## ANALYSIS

According to 18 U.S.C. § 3621(e)(2)(B), the Bureau of Prisons may reduce sentences for inmates with convictions for nonviolent offenses up to one year when they successfully complete a treatment program. In analyzing the statutory language of § 3621(e)(2)(B), the United States Supreme Court has made clear, that "[w]hen an eligible prisoner successfully completes drug treatment, the Bureau has the authority, but not the duty, both to alter the prisoner's conditions of

confinement and to reduce his term of imprisonment." *Lopez v. Davis*, 531 U.S. 230, 241 (2001). Put plainly, the Petitioner does not have a constitutionally protected right to early release under § 3621(e). *Warren v. Miles*, 230 F.3d 688, 693-694 (5th Cir. 2000)(finding claims regarding BOP's discretionary power to deny prisoner consideration for early release under section 3621(e) precluded by circuit law); *Wottlin v. Fleming*, 136 F.3d 1032, 1035 (5th Cir.1998)(determining that Congress intended to leave sentence reduction eligibility under section 3621(e)(2)(B) to the BOP's discretion).

Moreover, in order for the Petitioner to be entitled to procedural due process, a protected "liberty interest that the prison action implicated or infringed" must exist. *Richardson v. Joslin*, 501 F.3d 415, 418 (5th Cir.2007)(citing *Meachum v. Fano*, 427 U.S. 215, 223-224 (1976)). The Fifth Circuit has clearly articulated that the "Due Process Clause does not itself confer a liberty interest in a sentence reduction for completion of an RDAP," nor does "any statute or regulation." *Richardson*, 501 F.3d. at 419-420. Furthermore, the Fifth Circuit has consistently held that inmates do not have a protected liberty interest in receiving a sentence reduction pursuant to § 3621(e)(2)(B) upon completion of an RDAP. Id. at 420; *Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir.1998). .

At the time of his revocation, Giraldo had not completed all phases of the RDAP. Though he had completed the in-unit program, he could not have completed the transitional phase of the program. As such, the rules of the RDAP that provide for eligibility still applied to Giraldo regardless of what edition or interpretation of the RDAP rules the Court considers. Such considerations, however, are misplaced. As the Supreme Court and Fifth Circuit have plainly stated, the BOP **"**has the authority, but not the duty**"** to reduce an inmate's sentence and as such, Giraldo does not have a constitutionally protected right to early release. Furthermore, Giraldo does not hold a liberty interest in a sentence reduction under § 3621(e)(2)(B). Therefore, he was not entitled to the protections of the Due Process Clause when the BOP deemed him ineligible for the sentence

reduction. As Giraldo raises no constitutional issues within his federal habeas corpus petition concerning the duration of his confinement, this Court recommends the Petition should be denied.

## CONCLUSION

According to the foregoing analysis, it is the recommendation of this Court that the Petition for Writ of Habeas Corpus be denied.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

This the   23rd   day of January, 2012.

s/ John M. Roper, Sr.
CHIEF UNITED STATES MAGISTRATE JUDGE