**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

CARLOS A. GIRALDO, #59508-079                                    PETITIONER

VS.                                    CIVIL ACTION NO. 5:10-cv-96-DCB-JMR

VANCE LAUGHLIN                                                  RESPONDENT

### Opinion and Order

This cause is before the Court on the Report and Recommendation of the Magistrate Judge [**docket entry no. 15**] and Petitioner's Motion to Have Respondent's Response Rejected [docket entry no. 18].[1] Having carefully considered the Report and Recommendation, the Petitioner's objections thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court adopts the Report and Recommendation in full.

### I. Findings of the Magistrate Judge

After considering the merits of the Petitioner's claims, Chief Magistrate Judge Roper concluded that (1) the Petitioner's drug use violated the Residential Drug Abuse Program ("RDAP") rules, thus the revocation of his early release was warranted, and (2) the Petitioner's complaint did not implicate a constitutionally protected liberty interest. In response, the Petitioner argues that the cases cited in the Report and Recommendation are inapposite

---

[1] Respondent notified the Court that he was not filing a response to the Petitioner's objections and urged the Court to deny the Petitioner's Motion for the reasons set out his response to the petition [docket entry no. 8]. The Court will dismiss Petitioner's Motion as moot because the brief contained no new information or argument.

because the petitioners in those cases attempted to identify a liberty interest in a statute or the Due Process Clause, not the RDAP rules. The Petitioner claims that his appeal is distinguishable from those cases because he argues that he has a protected liberty interest in his early release by virtue of the RDAP regulations.

## II. Analysis

The RDAP rules clearly state that early release is revokable upon commission of certain prohibited acts, including drug use. Respondent's Memo. at Ex. 4, § 6.4 & at Ex. 5, § 6.5. Under the policy that was in place at the time the Petitioner began the program, the RDAP rules specified that an "inmate shall lose his/her early eligibility immediately if the DHO finds the inmate . . . to have used or possessed alcohol or drugs." See id. at Ex. 4, § 6.4.; see also id. at Ex. 5, § 6.5. Therefore, there is no merit to the Petitioner's argument that his early release was somehow guaranteed by the RDAP rules. The BOP had the discretion to revoke his early release, and the Petitioner's early release was properly revoked under the RDAP rules for his failed drug test, regardless of whether he completed the unit-based segment of the RDAP program. Lopez v. Davis, 531 U.S. 230, 241 (2001).

Moreover, although the Petitioner astutely appears to concede this point, the Petitioner's claim does not implicate a liberty interest under the Due Process Clause, see, e.g., Rublee v.

<u>Flemming</u>, 160 F.3d 213, 217 (5th Cir. 1998), nor does the Petitioner otherwise have a constitutional right to an early release. <u>See, e.g.</u>, <u>Warren v. Miles</u>, 230 F.3d 688, 693-694 (5th Cir. 2000). Therefore, there is no basis in either the RDAP rules or the Constitution for the Petitioner to bring his complaint, and therefore the Petitioner's claim must be denied.

Accordingly,

The Court hereby **ADOPTS** the Report and Recommendation of the Magistrate Judge [**docket entry no. 15**]. The Petitioner's claim for relief is **DENIED.** A separate final judgment shall issue forthwith dismissing the present cause **WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Petitioner's Motion to Have Respondent's Response Rejected [**docket entry no. 18**] is **DISMISSED** as moot.

**SO ORDERED,** this the 9th day of May 2012.


<u>/s/ David Bramlette</u>
**UNITED STATES DISTRICT JUDGE**